## ELIZABETH JOHNSON et al. v. STATE.

No. A-5993.    Opinion Filed March 12, 1927.

(253 Pac. 1033.)

J. C. Johnson and A. M. Fowler, for plaintiffs in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.  The plaintiffs in error, hereinafter called the defendants, in their petition assign seven errors. The brief by counsel for the defendants urges only the first and second assignment of errors, which go to the trial court refusing to advise the jury to return a verdict of not guilty, and that the verdict and judgment is not sustained by sufficient evidence, and is therefore contrary to law.

The charging part of the information on which the defendants were tried is as follows:

"That Elizabeth Johnson and Will Douglas did, in

Seminole county, and in the state of Oklahoma, on or about the 11th day of September, 1925, commit the crime of unlawful possession of intoxicating liquors in the manner and form as follows, that is to say: That at and in the county of Seminole, and the state of Oklahoma, and on the day and date aforesaid, the said Elizabeth Johnson, and Will Douglas, did unlawfully, wilfully, and intentionally have in their possession on the premises and at their home about twelve gallons of Choctaw beer, the same containing more than one-half of 1 per cent. alcohol measured by volume and capable and susceptible as being used as a beverage, with the willful and unlawful intent of them the said Elizabeth Johnson and Will Douglas to barter, sell, give away, or otherwise dispose of the same in violation of the prohibitory laws of the state, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

The proof on behalf of the state is, in substance, as follows: John Poe, being called as a witness, stated:

"I am a deputy sheriff of Seminole county, have been since January of this year. I know the defendants Elizabeth Johnson and Will Douglas; they lived in and near what is known as the colored colony of Cromwell. I went to the home of these defendants on or about the 11th day of January, this year, and searched the place. I did not have a search warrant, nor did I search the home. I searched about the place and found about 12 gallons of Choctaw beer in a barrel about 12 feet from the house. It was buried about 1½ feet from the surface of the ground, and it looked like where they had been washing. It looked like it had been there two or three months, maybe longer. There was nobody in the house at the time I made the search, and Elizabeth Johnson was in a tent, and there were some colored boys around the barbecue stand, and another woman and defendant Will Douglas was also there, I had a conversation with Eliza Johnson. She said she did not know anything about the beer; that there was another family there, but she did not know their name. The reason she did not know their name was she had been

away to Oklahoma City and had just returned. I examined the beer, and it was intoxicating."

At the close of the state's testimony the defendants interposed a request to the court to advise the jury to return a verdict in favor of the defendants on the ground that the officer did not have a search warrant as required by law, and for the further reason they failed to show these defendants were in anyway connected with the Choctaw beer; which request and motion was by the court overruled and defendants reserved their exceptions. Both the defendants took the stand in their own behalf and stated positively that they knew nothing about the Choctaw beer, had nothing to do with it, and did not know who buried the beer where the officers claim to have found it.

We have carefully examined the record and proof offered on behalf of the state. There is no positive proof connecting either of the defendants with the Choctaw beer alleged to have been found by the sheriff, and the state wholly failed to prove the allegations in the information; there being no proof that the Choctaw beer contained more than one-half of 1 per cent. alcohol measured by volume, and capable of being used as a beverage. The motion and request of the defendants for an instructed verdict was well taken, and should have been sustained.

There being no competent proof to sustain the verdict and judgment, the case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.